962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Forrest Stephen BLACK, Defendant-Appellant.
 No. 91-5591.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 12, 1992
Decided: May 11, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-90-227-WS)
 William C. Ingram, Jr., FLOYD, ALLEN & JACOBS, Greensboro, North Carolina, for Appellant. Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before RUSSELL, HALL, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Forrest Stephen Black was convicted of conspiring to possess with intent to distribute multiple kilograms of cocaine and more than a kilogram of heroin (21 U.S.C. § 846 (1988)). He appeals his conviction and the sentence he received. We affirm.
 
 
 2
 Black was one of twenty-one codefendants who either pled guilty or were convicted of conspiring to traffic in drugs in several locations in Greensboro, North Carolina, as part of a long-standing operation headed by Charlie Mack Williams, Sr. (Poor Charlie). Nine codefendants testified at Black's trial.
 
 
 3
 Several police officers also testified about incidents in which Black had been detained or surveilled prior to his arrest on the conspiracy charge. Black sought to exclude the testimony of Winston-Salem Police Officer Murphy, who identified Black as the man he had seen conducting drug sales on July 11, 1990. The incident report for that day (on which Black had been detained but not arrested) listed a "Willie Lee Black," born June 26, 1944, and described him as approximately six feet, one inch tall, weighing approximately 215 pounds, and having a close-cut gray beard. Other incident reports gave Black's correct name and birth date, April 8, 1954, and described him as about five feet, eleven inches tall and weighing around 150-160 pounds. Just prior to trial, Officer Murphy had come to the U.S. Attorney's Office, reviewed a copy of his July 11, 1990, report, looked at a photo spread of six pictures of black men with beards, and identified Forrest Black as the man he detained under the name Willie Black that day.
 
 
 4
 Black argued that Murphy's identification testimony should be excluded as unreliable because the July 11, 1990, report did not accurately describe Black, and because in the nine months between the incident and the photographic identification he had surveilled around a hundred other people. The district court denied the motion.
 
 
 5
 On appeal, Black contends that the photographic spread was impermissibly suggestive because Black's was the only picture of a person with any sort of beard. Due process protects a defendant against identification procedures which are unnecessarily suggestive and thus conducive to irreparably mistaken identification. Manson v. Brathwaite, 432 U.S. 98 (1977); Stovall v. Denno, 388 U.S. 293 (1967). These protections apply to pre-trial photographic identifications, and in-court identifications based on them. Simmons v. United States, 390 U.S. 377, 384 (1968). The defendant must first prove that the pre-trial identification procedure was impermissibly suggestive. If it was, the court must then decide whether the identification was reliable in the totality of the circumstances, Manson, 432 U.S. at 114-17, by considering the six factors set out in Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
 
 
 6
 Black maintains that the photographic array shown to Officer Murphy was suggestive because Black's was the only picture depicting a person with any sort of beard, and because before looking at the pictures Murphy reviewed the incident report from July 11, 1990, which described "Willie Black" as having a close-cut gray beard. However, our review of the record discloses that all six pictures show men with beards. Black does not offer any other reason why the photographic spread was impermissibly suggestive. He thus fails at the outset to establish that due process was violated by admission of the identification testimony.
 
 
 7
 Black also complains that it was unnecessary for Murphy to view the photographic spread because there were no exigent circumstances; however, this was not a one-on-one show-up of the kind conducted in Stovall v. Denno, 388 U.S. 293 (1967), or an identification from just one picture. Exigent circumstances are not required for a photographic identification from an array of pictures.
 
 
 8
 We note that, even had the admission of Officer Southern's testimony been error, it would have been harmless error given the strength of the government's overall case against Black.
 
 
 9
 Black also challenges the sentencing court's determination that 6,225 grams of heroin equivalent, the entire amount of drugs estimated to have been involved in the conspiracy during the period Black was a member, should be attributed to him for sentencing purposes. Black concedes that drugs sold by other members of the conspiracy are properly attributable to him where their conduct was reasonably foreseeable to him, United States Sentencing Commission, Guidelines Manual, § 1B1.3, comment. (n.1) (Nov. 1990), but contends that the district court erred in using an objective standard in making its determination when it should have used a subjective standard.
 
 
 10
 The foreseeability to the defendant of the extent of the overall conspiracy is a question of fact, and the district court's determination on the issue will not be overturned unless it is clearly erroneous. United States v. Richardson, 939 F.2d 135 (4th Cir.), cert. denied, 60 U.S.L.W. 3404 (U.S. 1991) and 60 U.S.L.W. 3498 (U.S. 1992); United States v. Vinson, 886 F.2d 740 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990). The inquiry is both subjective (asking what the defendant actually agreed to) and objective (asking what he could reasonably foresee would be done by others in furtherance of the agreement).
 
 
 11
 Black appears to argue that the sentencing court was required to find that he knew everyone in the conspiracy and the extent of their activities in order to attribute to him the entire amount involved. However, all that is necessary under the language of Application Note 1 of the commentary to guideline section 1B1.3 is that the conduct of co-conspirators in furtherance of the jointly-undertaken criminal activity be reasonably foreseeable. The district court excluded the drugs brought from New York by Black's former girlfriend at his instigation, which appeared to be separate from his activity within the Poor Charlie operation, and excluded an amount negotiated by Poor Charlie's grandsons on their own, as being outside the scope of Black's agreement. What was attributed to Black were amounts sold for Poor Charlie by others doing exactly what Black himself did, in areas where he also sold, during the time he was a participant in the conspiracy. He gives no reason why their conduct should be considered outside the scope of his agreement. The district court's finding is, therefore, not clearly erroneous.
 
 
 12
 Accordingly, the conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED